IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GEOTAG, INC.

     PLAINTIFF,

  v.

CIVIL ACTION NO. _____

THE WESTERN UNION COMPANY;
WESTERN UNION HOLDINGS, INC.;
ALBERTSONS, LLC;
ALBERTSONS, INC.;
BATH & BODY WORKS DIRECT, INC.;
BATH & BODY WORKS, LLC;
BEECH NUT NUTRITION CORP.;
BEST MAID PRODUCTS, INC.;
BROOKSHIRE BROTHERS, LTD.;
BUILD-A-BEAR WORKSHOP, INC.;
BURT'S BEES, INC.;
CVS CAREMARK CORP. D/B/A CVS D/B/A
CVS.COM;
DOLLAR GENERAL CORP.;
FAMILY DOLLAR STORES, INC.;
FAMLY DOLLAR, INC.;
FIFTH THIRD BANCORP D/B/A FIFTH
THIRD BANK;
HEB GROCERY COMPANY, LP;
JELLY BELLY CANDY CO.;
JIM'S FORMAL WEAR CO.;
LABORATORY CORPORATION OF
AMERICA HOLDINGS;
LABCORP LIMITED;
LABORATORY CORPORATION OF
AMERICA;
LEARNING EXPRESS, INC.;
TICKETMASTER, LLC;
TICKETMASTER ENTERTAINMENT, LLC;
LIVE NATION ENTERTAINMENT, INC.
D/B/A TICKETMASTER;
LIVE NATION WORLDWIDE, INC. D/B/A
TICKETMASTER;
LOWE'S COMPANIES, INC.;
LOWES HOME CENTERS, INC.;
MATTRESS GIANT CORP.;

MEDELA, INC.;
OFFICE DEPOT, INC.;
OFFICEMAX, INC.;
OMX, INC.;
PACIFIC BIOSCIENCE LABORATORIES,
INC.;
PIGGLY WIGGLY, LLC;
C&S WHOLESALE GROCERS, INC.;
PIP, INC. D/B/A PIP PRINTING AND
MARKETING SERVICES;
QUEST DIAGNOSTICS, INC.;
SOUTHERN STATES COOPERATIVE;
STEELCASE, INC.;
SUNTRUST BANKS, INC. D/B/A SUN
TRUST BANK;
SUNTRUST INVESTMENT SERVICES, INC.;
SWAN CORP. D/B/A THE SWAN CORP.
D/B/A SWANSTONE;
TASER INTERNATIONAL, INC.;
THE HOME DEPOT, INC.;
HOMER TLC, INC.;
HOME DEPOT U.S.A., INC. D/B/A THE
HOME DEPOT U.S.A.;
THE SCOTTS MIRACLE GRO COMPANY;
THE SCOTTS COMPANY LLC;
THE SCOTTS COMPANY LLC OF OHIO;
SCOTTS MIRACLE GRO PRODUCTS, INC.;
THERMA-TRU CORP.;
WALGREEN CO. D/B/A WALGREENS;
WHOLE FOODS MARKET, INC.;
WHOLE FOODS, INC.;
WHOLE FOODS MARKET IP, L.P.;
WINN-DIXIE STORES, INC.

        DEFENDANTS.                                    JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GEOTAG, INC. files this Complaint against THE WESTERN UNION

COMPANY; WESTERN UNION HOLDINGS, INC.; ALBERTSONS, LLC; ALBERTSONS,

INC.; BATH & BODY WORKS DIRECT, INC.; BATH & BODY WORKS, LLC; BEECH

NUT NUTRITION CORP.; BEST MAID PRODUCTS, INC.; BROOKSHIRE BROTHERS,

LTD.; BUILD-A-BEAR WORKSHOP, INC.; BURT'S BEES, INC.; CVS CAREMARK CORP. D/B/A CVS D/B/A CVS.COM; DOLLAR GENERAL CORP.; FAMILY DOLLAR STORES, INC.; FAMLY DOLLAR, INC.; FIFTH THIRD BANCORP D/B/A FIFTH THIRD BANK; HEB GROCERY COMPANY, LP; JELLY BELLY CANDY CO.; JIM'S FORMAL WEAR CO.; LABORATORY CORPORATION OF AMERICA HOLDINGS; LABCORP LIMITED; LABORATORY CORPORATION OF AMERICA; LEARNING EXPRESS, INC.; TICKETMASTER, LLC; TICKETMASTER ENTERTAINMENT, LLC; LIVE NATION ENTERTAINMENT, INC. D/B/A TICKETMASTER; LIVE NATION WORLDWIDE, INC. D/B/A TICKETMASTER; LOWE'S COMPANIES, INC.; LOWES HOME CENTERS, INC.; MATTRESS GIANT CORP.; MEDELA, INC.; OFFICE DEPOT, INC.; OFFICEMAX, INC.; OMX, INC.; PACIFIC BIOSCIENCE LABORATORIES, INC.; PIGGLY WIGGLY, LLC; C&S WHOLESALE GROCERS, INC.; PIP, INC. D/B/A PIP PRINTING AND MARKETING SERVICES; QUEST DIAGNOSTICS, INC.; SOUTHERN STATES COOPERATIVE; STEELCASE, INC.; SUNTRUST BANKS, INC. D/B/A SUN TRUST BANK; SUNTRUST INVESTMENT SERVICES, INC.; SWAN CORP. D/B/A THE SWAN CORP. D/B/A SWANSTONE; TASER INTERNATIONAL, INC.; THE HOME DEPOT, INC.; HOMER TLC, INC.; HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT U.S.A.; THE SCOTTS MIRACLE GRO COMPANY; THE SCOTTS COMPANY LLC; THE SCOTTS COMPANY LLC OF OHIO; SCOTTS MIRACLE GRO PRODUCTS, INC.; THERMA-TRU CORP.; WALGREEN CO. D/B/A WALGREENS; WHOLE FOODS MARKET, INC.; WHOLE FOODS, INC.; WHOLE FOODS MARKET IP, L.P.; and WINN-DIXIE STORES, INC. (collectively "Defendants"), as follows:

## PARTIES

1.      Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") is a Delaware Corporation with a place of business in Plano, Texas.

2.      On information and belief, Defendant THE WESTERN UNION COMPANY has a place of business in Englewood, Colorado.

3.      On information and belief, Defendant WESTERN UNION HOLDINGS, INC. has a place of business in Englewood, Colorado.  Hereinafter, THE WESTERN UNION COMPANY and WESTERN UNION HOLDINGS, INC. are referred to collectively as "WESTERN UNION."

4.      On information and belief, Defendant ALBERTSONS, LLC has a place of business in Boise, Idaho.

5.      On information and belief, Defendant ALBERTSONS, INC. has a place of business in Boise, Idaho.  Hereinafter, ALBERSTONS, LLC and ALBERTSONS, INC. are referred to collectively as "ALBERTSONS."

6.      On information and belief, Defendant BATH & BODY WORKS DIRECT, INC. has a place of business in Raynoldsburg, Ohio.

7.      On information and belief, Defendant BATH & BODY WORKS, LLC has a place of business in Raynoldsburg, Ohio.  Hereinafter, BATH & BODY WORKS DIRECT, INC. and BATH & BODY WORKS, LLC are referred to collectively as "BATH & BODY WORKS."

8.      On information and belief, Defendant BEECH NUT NUTRITION CORP. ("BEECH NUT") has a place of business in Amsterdam, New York.

9.      On information and belief, Defendant BEST MAID PRODUCTS, INC. ("BEST MAID") has a place of business in Fort Worth, Texas.

10.     On information and belief, Defendant BROOKSHIRE BROTHERS, LTD. ("BROOKSHIRE BROTHERS") has a place of business in Lufkin, Texas.

11.     On information and belief, Defendant BUILD-A-BEAR WORKSHOP, INC. ("BUILD-A-BEAR") has a place of business in St. Louis, Missouri.

12.     On information and belief, Defendant BURT'S BEES, INC. ("BURT'S BEES") has a place of business in Morrisville, North Carolina.

13.     On information and belief, Defendant CVS CAREMARK CORP. D/B/A CVS D/B/A CVS.COM ("CVS") has a place of business in Woonsocket, Rhode Island.

14.     On information and belief, Defendant DOLLAR GENERAL CORP. ("DOLLAR GENERAL") has a place of business in Goodlettsville, Tennessee.

15.     On information and belief, Defendant FAMILY DOLLAR STORES, INC. has a place of business in Matthews, North Carolina.

16.     On information and belief, Defendant FAMLY DOLLAR, INC. has a place of business in Matthews, North Carolina.  Hereinafter, FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR, INC. are referred to collectively as "FAMILY DOLLAR."

17.     On information and belief, Defendant FIFTH THIRD BANCORP D/B/A FIFTH THIRD BANK ("FIFTH THIRD") has a place of business in Cincinnati, Ohio.

18.     On information and belief, Defendant HEB GROCERY COMPANY, LP ("HEB") has a place of business in San Antonio, Texas.

19.     On information and belief, Defendant JELLY BELLY CANDY CO. ("JELLY BELLY") has a place of business in Fairfield, California.

20.     On information and belief, Defendant JIM'S FORMAL WEAR CO. ("JIM'S") has a place of business in Trenton, Illinois.

21.     On information and belief, Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS has a place of business in Burlington, North Carolina.

22.     On information and belief, Defendant LABCORP LIMITED has a place of business in Burlington, North Carolina.

23.     On information and belief, Defendant LABORATORY CORPORATION OF AMERICA has a place of business in Burlington, North Carolina.  Hereinafter, LABORATORY CORPORATION OF AMERICA HOLDINGS, LABCORP LIMITED AND LABORATORY CORPORATION OF AMERICA are referred to collectively as "LABCORP."

24.     On information and belief, Defendant LEARNING EXPRESS, INC. has a place of business in Devens, Massachusetts.

25.     On information and belief, Defendant TICKETMASTER, LLC has a place of business in Beverly Hills, California.

26.     On information and belief, Defendant TICKETMASTER ENTERTAINMENT, LLC has a place of business in Beverly Hills, California.

27.     On information and belief, Defendant LIVE NATION ENTERTAINMENT, INC. D/B/A TICKETMASTER has a place of business in Beverly Hills, California.

28.     On information and belief, Defendant LIVE NATION WORLDWIDE, INC. D/B/A TICKETMASTER has a place of business in Beverly Hills, California.  Hereinafter, TICKETMASTER, LLC, TICKETMASTER ENTERTAINMENT, LLC, LIVE NATION ENTERTAINMENT, INC. D/B/A TICKETMASTER and LIVE NATION WORLDWIDE, INC. D/B/A TICKETMASTER are referred to collectively as "LIVE NATION."

29.     On information and belief, Defendant LOWE'S COMPANIES, INC. has a place of business in Mooresville, North Carolina.

30.     On information and belief, Defendant LOWE'S HOME CENTERS, INC. has a place of business in Mooresville, North Carolina.   Hereinafter, LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, INC. are referred to collectively as "LOWE'S."

31.     On information and belief, Defendant MATTRESS GIANT CORP. ("MATTRESS GIANT") has a place of business in Addison, Texas.

32.     On information and belief, Defendant MEDELA, INC. ("MEDELA") has a place of business in McHenry, Illinois.

33.     On information and belief, Defendant OFFICE DEPOT, INC. ("OFFICE DEPOT") has a place of business in Boca Raton, Florida.

34.     On information and belief, Defendant OFFICEMAX, INC. has a place of business in Naperville, Florida.

35.     On information and belief, Defendant OMX, INC. has a place of business in Naperville, Florida.   Hereinafter, OFFICEMAX, INC. and OMX, INC. are referred to collectively as "OFFICE MAX."

36.     On information and belief, Defendant PACIFIC BIOSCIENCE LABORATORIES, INC. ("PBLI") has a place of business in Bellevue, Washington.

37.     On information and belief, Defendant PIGGLY WIGGLY, LLC has a place of business in Keene, New Hampshire.

38.     On information and belief, Defendant C&S WHOLESALE GROCERS, INC. has a place of business in Keene, New Hampshire.   Hereinafter, PIGGLY WIGGLY, LLC and C&S WHOLESALE GROCERS, INC. are referred to collectively as "PIGGLY WIGGLY."

39.     On information and belief, Defendant PIP, INC. D/B/A PIP PRINTING AND MARKETING SERVICES ("PIP") has a place of business in Mission Viejo, California.

40.     On information and belief, Defendant QUEST DIAGNOSTICS, INC. ("QUEST") has a place of business in Madison, New Jersey.

41.     On information and belief, Defendant SOUTHERN STATES COOPERATIVE ("SSC") has a place of business in Richmond, Virginia.

42.     On information and belief, Defendant STEELCASE, INC. ("STEELCASE") has a place of business in Grand Rapids, Michigan.

43.     On information and belief, Defendant SUNTRUST BANKS, INC. D/B/A SUN TRUST BANK has a place of business in Atlanta, Georgia.

44.     On information and belief, Defendant SUNTRUST INVESTMENT SERVICES, INC. has a place of business in Atlanta, Georgia.  Hereinafter, SUNTRUST BANKS, INC. D/B/A SUN TRUST BANK and SUNTRUST INVESTMENT SERVICES, INC. are referred to collectively as "SUN TRUST."

45.     On information and belief, Defendant SWAN CORP. D/B/A THE SWAN CORP. D/B/A SWANSTONE ("SWAN") has a place of business in St. Louis, Missouri.

46.     On information and belief, Defendant TASER INTERNATIONAL, INC. ("TII") has a place of business in Scottsdale, Arizona.

47.     On information and belief, Defendant THE HOME DEPOT, INC. has a place of business in Atlanta, Georgia.

48.     On information and belief, Defendant HOMER TLC, INC. has a place of business in Atlanta, Georgia.

49.     On information and belief, Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT U.S.A. has a place of business in Atlanta, Georgia.  Hereinafter, THE HOME DEPOT, INC., HOMER TLC, INC. and HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT U.S.A.  are referred to collectively as "HOME DEPOT."

50.     On information and belief, Defendant THE SCOTTS MIRACLE GRO COMPANY has a place of business in Marysville, Ohio.

51.     On information and belief, Defendant THE SCOTTS COMPANY, LLC has a place of business in Marysville, Ohio.

52.     On information and belief, Defendant THE SCOTTS COMPANY LLC OF OHIO has a place of business in Marysville, Ohio.

53.     On information and belief, Defendant SCOTTS MIRACLE GRO PRODUCTS, INC. has a place of business in Marysville, Ohio.  Hereinafter, THE SCOTTS MIRACLE GRO COMPANY, THE SCOTTS COMPANY LLC, THE SCOTTS COMPANY LLC OF OHIO and SCOTTS MIRACLE GRO PRODUCTS, INC. are referred to collectively as "SCOTTS."

54.     On information and belief, Defendant THERMA-TRU CORP. ("THERMA-TRU") has a place of business in Maumee, Ohio.

55.     On information and belief, Defendant WALGREEN CO. D/B/A WALGREENS ("WALGREENS") has a place of business in Deerfield, Illinois.

56.     On information and belief, Defendant WHOLE FOODS MARKET, INC. has a place of business in Austin, Texas.

57.     On information and belief, Defendant WHOLE FOODS, INC. has a place of business in Austin, Texas.

58.     On information and belief, Defendant WHOLE FOODS MARKET IP, L.P. has a place of business in Austin, Texas.  Hereinafter, WHOLE FOODS MARKET, INC., WHOLE FOODS, INC. and WHOLE FOODS MARKET IP, L.P. are referred to collectively as "WHOLE FOODS."

59.     On information and belief, Defendant WINN-DIXIE STORES, INC. ("WINN DIXIE") has a place of business in Jacksonville, Florida.

## JURISDICTION AND VENUE

60.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

61.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the

10

infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).   On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

62.    Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit").  In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

63.     United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information," duly and legally issued on July 29, 1999.

64.     GEOTAG is the assignee of the '474 Patent and it has standing to bring this lawsuit for infringement of the '474 Patent.

65.     The claims of the '474 Patent cover, *inter alia,* systems and methods which comprise associating on-line information with geographic areas, such systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

66.     On information and belief, all Defendants named herein have infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.

67.     On information and belief, WESTERN UNION has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474

patent.  On information and belief, such systems and methods comprise the Find A Location at www.westernunion.com.

68.    On information and belief, ALBERTSONS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Store at www.albertsons.com.

69.    On information and belief, BATH & BODY WORKS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.bathandbodyworks.com.

70.    On information and belief, BEECH NUT has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Where To Find Us at www.beechnut.com.

71.    On information and belief, BEST MAID has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with

geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.bestmaidproducts.com.

72.    On information and belief, BROOKSHIRE BROTHERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.brookshirebrothers.com.

73.    On information and belief, BUILD-A-BEAR has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Find A Store at www.buildabear.com.

74.    On information and belief, BURT'S BEES has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.burtsbees.com.

75.    On information and belief, CVS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the

United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.cvs.com.

76.   On information and belief, DOLLAR GENERAL has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.dollargeneral.com.

77.   On information and belief, FAMILY DOLLAR has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.familydollar.com.

78.   On information and belief, FIFTH THIRD has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Branch And ATM Locator at www.53.com.

79.   On information and belief, HEB has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the

United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.heb.com.

80.    On information and belief, JELLY BELLY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.jellybelly.com.

81.    On information and belief, JIM'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Store at www.jimsformalwear.com.

82.    On information and belief, LABCORP has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Lab at www.labcorp.com.

83.    On information and belief, LEARNING EXPRESS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or

offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.learningexpress.com.

84.    On information and belief, LIVE NATION has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Venue Search (including Set Your Location) at www.livenation.com and www.ticketmaster.com.

85.    On information and belief, LOWE'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.lowes.com.

86.    On information and belief, MATTRESS GIANT has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.mattressgiant.com.

87.     On information and belief, MEDELA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Where To Buy/Rent at www.medela.us and www.medelabreastfeeding.com.

88.     On information and belief, OFFICE DEPOT has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Check In-Store Availability at www.officedepot.com.

89.     On information and belief, OFFICE MAX has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.officemax.com.

90.     On information and belief, PBLI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On

information and belief, such systems and methods comprise the Find A Location at www.clarisonic.com.

91.     On information and belief, PIGGLY WIGGLY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locations at www.pigglywiggly.com.

92.     On information and belief, PIP has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A PIP at www.pip.com.

93.     On information and belief, QUEST has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Location at www.questdiagnostics.com.

94.     On information and belief, SSC has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On

information and belief, such systems and methods comprise the Find Southern States Locations at www.southernstates.com.

95.     On information and belief, STEELCASE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Dealer Finder at www.steelcase.com.

96.     On information and belief, SUNTRUST has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the ATM/Branch Location at www.suntrust.com.

97.     On information and belief, SWAN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Where To Buy at www.theswancorp.com.

98.     On information and belief, TII has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with

20

geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Dealer Locator at www.taser.com.

99.     On information and belief, HOME DEPOT has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Home Depot Near You at www.homedepot.com.

100.     On information and belief, SCOTTS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Retail Locator at www.scotts.com.

101.     On information and belief, THERMA-TRU has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Dealer Locator at www.thermatru.com .

102.     On information and belief, WALGREENS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or

offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.walgreens.com.

103.    On information and belief, WHOLE FOODS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find Your Store at www.wholefoods.com.

104.    On information and belief, WINN DIXIE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder/Locator at www.winndixie.com.

105.    To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

106.    As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG. Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, GEOTAG respectfully requests that this Court enter:

1.      A judgment in favor of GEOTAG that Defendants have infringed the '474 patent;

2.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '474 patent;

3.      A judgment and order requiring Defendants to pay GEOTAG its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '474 patent as provided under 35 U.S.C. § 284;

4.      An award to GEOTAG for enhanced damages as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to GEOTAG its reasonable attorneys' fees; and

6.      Any and all other relief to which GEOTAG may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, GEOTAG requests a trial by jury of any issues so triable by right.


December 18, 2010                                  Respectfully submitted,

                                                   GEOTAG, INC.

                                                   By: /s/ *John J. Edmonds*
                                                   John J. Edmonds – Lead Counsel
                                                   Texas Bar No. 789758
                                                   Michael J. Collins
                                                   Texas Bar No. 4614510
                                                   Stephen F. Schlather

Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

L. Charles van Cleef
Texas Bar No. 786305
Van Cleef Law Office
500 N Second Street
Longview, Texas 75601
(903) 238-8244
(903) 248-8249 Facsimile
charles@vancleef.net

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.