IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., | ) |
| Plaintiff, | ) CIVIL ACTION NO.: 2:10-cv-574 |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| THE WESTERN UNION COMPANY, ET AL. | ) |
| Defendants. | ) |

**DEFENDANT SCOTTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant The Scotts Company LLC ("Scotts")[1] hereby moves to dismiss the complaint of Plaintiff Geotag, Inc. ("Geotag"), as to Geotag's claims against Scotts, under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim for which relief can be granted. Geotag's bare-bones recitation of its claims, and attendant paucity of facts necessary to give such claims requisite heft, fail to meet the notice pleading standards established by the Federal Rules of Civil Procedure and by the Supreme Court in *Iqbal* and *Twombly*, and Scotts is consequently entitled to a ruling of dismissal for failure to state a claim.

**I. BACKGROUND**

According to its Complaint and website, Plaintiff Geotag is a Plano, Texas-based purveyor of geo-location technology.  Defendant Scotts is a Marysville, Ohio-based multinational corporation which manufactures lawn, garden, and professional agricultural-related products, including the Scotts, Miracle-Gro, Ortho, and Round-up product lines.  On December

---

[1] Plaintiff Geotag also filed suit against related Defendants Scotts Miracle Gro Company, The Scotts Company LLC of Ohio, and Scotts Miracle Gro Products, Inc., but those entities are now dismissed from the lawsuit pursuant to this Court's March 7, 2011 Order [DE # 97].

18, 2010, Geotag filed its Complaint against Scotts and fifty-four other defendants, claiming direct patent infringement of Geotag's U.S. Patent 5,930,474. This lawsuit is one in a series of lawsuits filed by Geotag against hundreds of other defendants, all featuring similar or identical claims of infringement of Geotag's patent against each defendant.

## II. ARGUMENT AND AUTHORITIES

### A. *Twombly* and *Iqbal* Have Elevated the Standard for Notice Pleading

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has materially elevated this pleading requirement through its opinions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

In *Twombly*, the Court affirmed dismissal of the plaintiffs' antitrust class action complaint, holding that the mere *allegation* of a conspiratorial agreement to restrain trade was insufficient to state an antitrust violation. *Twombly*, 550 U.S. at 558. Retiring its generous "no set of facts" test for satisfying notice pleading under Rule 8, the Court adopted in its place an elevated "plausibility" standard. *Id*. at 570. Thus, to survive a motion to dismiss, a complaint now must provide more than "a formulaic recitation of the elements of a cause of action[;]" rather, it must plead enough facts to "raise a right to relief above the speculative level." *Id*. at 555.

In *Iqbal*, the Supreme Court raised the bar for notice pleading still higher, establishing two important principles. First, the Court dispelled any notion that *Twombly* should be limited to the antitrust context. *Iqbal*, 129 S. Ct. at 1953. To the contrary, *Iqbal* confirmed that the heightened pleading standard enunciated in *Twombly* applied to "all civil actions." *Id.* Second, the Court held that resolving a motion to dismiss "does not turn on the controls placed upon the discovery process." *Id*. Put another way, a court may no longer allow a deficient complaint to

proceed on the theory that discovery will resolve the claims' deficiencies. As part of this elevated standard, the Court has said that defendants should not be put to the expense of defending unless the plaintiff can allege a compelling case of liability in its complaint with some specificity. *See Twombley*, 550 U.S. at 558 (stating that deficiencies in a complaint should be addressed "at the point of minimum expenditure of time and money by the parties and the court").

In light of *Twombly* and *Iqbal*, "threadbare recitals of the elements of a cause of action" and "legal conclusion couched as a factual allegation" are no longer entitled to an "assumption of truth." *Iqbal*, 129 S. Ct. at 1949-50. Instead, Rule 8(a)(2) requires claims to "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotations and alterations omitted). This applies equally to Geotag's claims as to those in *Twombly* and *Iqbal*. As discussed below, Geotag's conclusory allegations that Scotts has infringed are insufficient to state a valid cause of action.

**B. Geotag's Claims Fail to Meet the Elevated *Twombly*/*Iqbal* Pleading Standard**

Geotag's sole substantive statement regarding its claims against Scotts can be found in paragraph 100 of the Complaint. Specifically, the boilerplate language, copied and pasted with minimal alteration to apply to all fifty-eight defendants, states:

> On information and belief, SCOTTS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Retail Locator at www.scotts.com.

Complaint at ¶ 100.

The many deficiencies of Geotag's skeletal claims against Scotts include:

- Geotag's open-ended list of supposedly infringing actions (*e.g.*, "making, using, selling,

*and/or* offering for sale" (emphasis added)) fails to specify the means by which Geotag claims Scotts has infringed its '474 patent.

- Geotag's bare "systems and methods" allegation regarding "associating on-line information with geographic areas" generically describes virtually any interactive on-line map functionality and plainly fails to describe in any way *how* Scotts allegedly infringes Geotag's patented technology.

- Geotag further fails to give Scotts adequate notice when it obliquely references "one or more [of the thirty-nine ]claims of the '474 patent[,]"failing to specify *which* of Geotag's claims Scotts has allegedly infringed.

- Geotag's confusing and open-ended product identification language ("On information and belief, such systems and methods comprise the Retail Locator at www.scotts.com") leaves the door open to subsequent accusation of additional Scotts products, again failing to give Scotts adequate notice of that which it is accused.[2]

Geotag's boilerplate claims against Scotts are surprisingly similar, and similarly deficient, to dismissed infringement claims in this and other jurisdictions. In *Realtime Data*, the Eastern District of Texas dismissed patent infringement claims which alleged "Defendants have been and are now directly infringing . . . in this District and elsewhere in violation of 35 U.S.C. § 271 including making, using, selling, and/or offering for sale one or more data compression products and/or services, covered by at least one claim of the [Realtime patent]." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 541 (E.D. Tex. 2010). Like Geotag, plaintiff Realtime failed to specifically identify the means of infringement, failed to narrow its allegations to

---

[2] For any accused product not specifically identified, an infringement claim is "too vague to provide . . . fair notice[.]" *Ondeo Nalco Co. v. Eka Chemicals, Inc.*, 2002 U.S. Dist. LEXIS 26195, at *4 (D. Del. Aug. 10, 2002).

specific patent claims, and offered impermissibly vague description of the accused technology which failed to elucidate *how* the defendant allegedly infringed plaintiff's technology. This Court's reading of Realtime's claims applies equally to Geotag: "Realtime's vague reference to 'data compression products and/or services,' when asserting four patents with a multitude of claims, does not state a claim for relief that is plausible on its face. The . . . Complaint, in its current form, fails to inform Defendants as to what they must defend." *Id.* at 543. Here, Geotag's vague reference to "systems and methods which comprise associating on-line information with geographic areas[,]" when asserting dozens of patent claims, does not state a facially plausible claim for relief.

Another relevant example of a deficient patent infringement claim, correctly dismissed by the Northern District of California, comes from *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009). There, Apple alleged that Elan infringed its patents "through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." *Id.* at \*4-5. The court found that this allegation "plainly falls within the prohibition against [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at \*5 (internal citations omitted). As with Geotag, Apple open-endedly references one allegedly infringing product and makes vague statements regarding a general technological category. *Id.* at \*4-5. Appropriately, the court in *Elan* saw through Apple's half-hearted attempts to put Elan on notice, concluding that Apple's claims "do not comply with Rule 8[] under the standards enunciated in *Twombly* and *Iqbal*." *Id.* at \*5.

"The Court has high expectations of a plaintiff's preparedness before it brings a suit." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). As in

*Elan* and *Realtime*, even at the pleading stage it is insufficient for Geotag to provide nothing more than a vague, generic statement of infringement lacking *factual* allegations sufficient to show that it is entitled to relief. Given the complexity of the technology and the number of potential claims at issue, certainly more factual detail is required than what Geotag has thus far provided. Given the need for pleadings based on specific facts, courts will not "accept as true conclusory allegations or unwarranted deductions of fact." *Mass. Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06CV272, 2008 U.S. Dist. LEXIS 35577, at *18-19 (E.D. Tex. April 30, 2008) (internal citations omitted).

Indeed, it is standard procedure for federal courts to dismiss patent infringement claims where the allegations impermissibly generic and vague. *See, e.g.*, *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-02114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010); *Ware v. Circuit City Stores, Inc.*, No. 4:05-cv-0156, 2010 WL 767094, *2 (N.D. Ga. Jan. 5, 2010) (dismissing complaint alleging infringement of defendants' apparatuses as too vague and for failing to identify how the infringement occurred); *Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 WL 23884794, *1 (N.D. Cal. Sept. 6, 2003); *Ondeo Nalco,* at *4 (dismissing complaint accusing defendant's products "used in paper-making process" as "too vague"); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (dismissing a complaint which "fails to provide fair notice of the grounds of the various [patent infringement] claims").

Here, Geotag's allegations are equivalently overly broad and impermissibly vague. And, as in the above-described cases, Geotag fails to provide Scotts with fair notice of Geotag's specific accusations. Without more sufficient factual allegations, Scotts cannot know which patent claims it is accused of infringing, precisely which products are being accused, and *how* Scotts allegedly infringed Geotag's patented technology. Accordingly, Geotag's claims against

Scotts must be dismissed pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

### III.  CONCLUSION

The pleadings standards of the Federal Rules of Civil Procedure require more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  While Geotag's claims make a minimum effort to give Scotts notice of that which it is accused, for the reasons addressed above, Geotag ultimately falls short.  Accordingly, Geotag's Complaint and claims as to Scotts should be dismissed for failure to state a claim upon which relief can be granted, and Scotts respectfully requests that this Court grant its present Motion.

DATED:  March 8, 2011                                   Respectfully submitted,

/s/ Brian M. Buroker
Brian M. Buroker
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 955-1500
bburoker@hunton.com

ATTORNEY FOR DEFENDANT
*THE SCOTTS COMPANY LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 8th day of March, 2011, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                /s/ Brian M. Buroker
                Brian M. Buroker