TSR.20732

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **GEOTAG, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** |
| | § | **2:10-cv-00574-DF-CE** |
| **THE WESTERN UNION COMPANY,** | § | |
| **Et al.,** | § | |
| **Defendants.** | § | |

# Defendant TASER International, Inc.'s Answer to
# Plaintiff's Amended Complaint for Patent Infringement

Defendant TASER International, Inc. ("TASER" or "Defendant") answers Plaintiff's

Amended Complaint as follows.

## Parties

1.      TASER is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies the

same.

2.      TASER is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies the

same.

3.      TASER is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 3 of the Amended Complaint and therefore denies the

same.

4.      TASER is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies the

same.

5.      TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint and therefore denies the same.

6.      TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies the same.

7.      TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies the same.

8.      TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint and therefore denies the same.

9.      TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint and therefore denies the same.

10.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint and therefore denies the same.

11.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies the same.

12.     TASER is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies the same.

13.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies the same.

14.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies the same.

15.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies the same.

16.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the same.

17.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies the same.

18.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies the same.

19.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies the same.

20.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the same.

21.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the same.

22.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the same.

23.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and therefore denies the same.

24.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint and therefore denies the same.

25.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint and therefore denies the same.

26.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint and therefore denies the same.

27.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint and therefore denies the

same.

28.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint and therefore denies the same.

29.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint and therefore denies the same.

30.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint and therefore denies the same.

31.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint and therefore denies the same.

32.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint and therefore denies the same.

33.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint and therefore denies the same.

34.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint and therefore denies the same.

35.     TASER is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 35 of the Amended Complaint and therefore denies the same.

36.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint and therefore denies the same.

37.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint and therefore denies the same.

38.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint and therefore denies the same.

39.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint and therefore denies the same.

40.     Admitted.

41.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint and therefore denies the same.

42.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint and therefore denies the same.

43.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint and therefore denies the

same.

44.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint and therefore denies the same.

45.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint and therefore denies the same.

46.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint and therefore denies the same.

47.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint and therefore denies the same.

48.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint and therefore denies the same.

49.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint and therefore denies the same.

## Jurisdiction and Venue

50.     TASER admits the Plaintiff alleges that this action arises under the patent laws of the Untied States, Title 35 of the United States Code and further admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  TASER admits that it is subject

to this Court's jurisdiction due to its business activities, but denies that it infringed the Plaintiff's patent. TASER is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegations regarding the other Defendants, and therefore denies same.

51.     TASER admits that venue is proper but denies that it has infringed the Plaintiff's patent. TASER is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegations regarding the other Defendants, and therefore denies same.

52.     TASER admits that this Court previously heard the lawsuit referenced in Plaintiff's Amended Complaint and that the Court issued a Memorandum Opinion and Order on November 20, 2008. TASER denies the remaining allegations.

## Count I

## Infringement of U.S. Patent No. 5,930,474

53.     TASER admits that the United States Patent No. 5,930,474 is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," and that its issue date is listed as July 29, 1999. TASER denies any remaining allegations contained in Paragraph 53.

54.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint.

55.     The Plaintiff's allegations regarding the coverage of the claims of the patent are not a factual allegation. TASER denies any remaining allegations contained in Paragraph 55.

56.     Denied as to TASER. TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint as to any other Defendant, and therefore denies same.

57.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint, and therefore denies same.

58.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint, and therefore denies same.

59.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint, and therefore denies same.

60.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint, and therefore denies same.

61.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint, and therefore denies same.

62.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint, and therefore denies same.

63.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint, and therefore denies same.

64.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended Complaint, and therefore denies same.

65.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint, and therefore denies same.

66.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Amended Complaint, and therefore denies same.

67.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Amended Complaint, and therefore denies same.

68.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint, and therefore denies same.

69.     TASER is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 69 of the Amended Complaint, and therefore denies same.

70.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Amended Complaint, and therefore denies same.

71.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Amended Complaint, and therefore denies same.

72.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint, and therefore denies same.

73.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint, and therefore denies same.

74.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint, and therefore denies same.

75.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Amended Complaint, and therefore denies same.

76.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint, and therefore denies same.

77.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint, and therefore denies same.

78.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint, and therefore denies same.

79.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Amended Complaint, and therefore denies same.

80.    TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Amended Complaint, and therefore denies same.

81.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint, and therefore denies same.

82.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint, and therefore denies same.

83.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint, and therefore denies same.

84.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint, and therefore denies same.

85.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Amended Complaint, and therefore denies same.

86.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint, and therefore denies same.

87.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint, and therefore denies same.

88.     Denied.

89.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint, and therefore denies same.

90.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint, and therefore denies same.

91.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Amended Complaint, and therefore denies same.

92.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Amended Complaint, and therefore denies same.

93.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Amended Complaint, and therefore denies same.

94.     TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint, and therefore denies same.

95.     TASER denies that it is or has been willfully infringing the patent in suit.  TASER further denies and objects to the Plaintiff's belief that it has a right to request a finding of willfulness at the time of trial without first amending its complaint to make such an allegation.  TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 as to the other Defendants, and therefore denies same.

96.     Denied as to TASER.  TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 as to the other Defendants, and therefore denies same.

97.     TASER denies that Plaintiff is entitled to any of the relief requested in its prayer for relief as directed to TASER.  TASER is without knowledge or information sufficient to form a belief as to the truth of the allegations continued or relief requested as to any other Defendant, and therefore denies the same.

### Affirmative Defenses to Amended Complaint

        TASER asserts the following affirmative defenses.  TASER reserves the right to modify or expand on these defenses and raise additional defenses as discovery proceeds in this case.

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     TASER has not infringed, contributorily infringed, or induced infringement of any valid or enforceable claim of U.S. Patent No. 5,930,474.

3.     On information and belief, the asserted claims of U.S. Patent No. 5,930,474 are invalid

for failure to comply with one or more of the conditions of patentability as set forth in the United States patent laws, 35 U.S.C. §§ 101, 102, 103, 112, or 132 in the rules, regulations and laws pertaining to them.

4.      On information and belief, any claim for damages for patent infringement of U.S. Patent No. 5,930,474 is limited at a minimum by 35 U.S.C. § 287 to those damages occurring only after the notice of alleged infringement.

5.      On information and belief and by reasonable proceedings in the patent and trademark office during the process of the application that resulted in U.S. Patent No. 5,930,474, as shown by the file histories and by reason of the amendment, cancellation, or abandonment of claims, the admissions and other amendments made therein by or on behalf of the patentee, Plaintiff does not claim a construction of any claim of U.S. Patent No. 5,930,474 that would cause any valid claim of it to cover or include any product, system, or method used by TASER.

## Prayer for Relief

WHEREFORE, Defendant TASER prays:

1.      That Plaintiff takes nothing by its Amended Complaint and that this Court enter a judgment in favor of Defendant TASER and against Plaintiff on all claims for relief contained in the Amended Complaint;

2.      That the Court enter judgment that the Amended Complaint be dismissed with prejudice without costs to TASER;

3.      That the Court enter an order declaring that TASER has not infringed any claims of U.S. Patent No. 5,930,474;

4.      That the Court enter an order declaring that the asserted claims of U.S. Patent No. 5,930,474 are invalid for failing the requirements of 35 U.S.C. §§ 101, 102, 103, 112, or 132;

5.      That the Court enter an order finding this case exceptional and awarding to TASER its costs of suit and reasonable attorneys' fees, pursuant to 35 U.S.C. § 25; and

6.      That the Court award Defendant TASER any other relief the Court deems just and proper.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TASER demands a trial by jury on all issues so triable.


## Counterclaim

Defendant TASER International, Inc. brings the following Counterclaims against Plaintiff/Counter Defendant, Geotag, Inc.

## Jurisdiction and Venue

1.      This is an action for declaratory relief.  This Court has jurisdiction of this Counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2.      Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

3.      Defendant/Counterclaimant TASER is a corporation organized and existing under the laws of the State of Delaware, with the principal place of business at 17800 N. 85th Street, Scottsdale, Arizona 85255.

4.      On information and belief, Geotag, Inc. is a Delaware corporation with a place of business in Plano, Texas.

## First Counterclaim
## (Declaration of Non-infringement of the '474 Patent)

5.      TASER incorporates and realleges Paragraphs 1-4 of these Counterclaims.

6.      Geotag, Inc. alleges that it is the owner of the '474 patent and has brought suit against

TASER for infringement of the '474 patent.

7.      The '474 patent is not infringed by any products, systems, or methods made, used, sold, offered for sale, or imported by TASER.

8.      An actual case or controversy exits between Geotag and TASER based on Geotag filing a complaint against TASER alleging infringement of the '474 patent.

9.      TASER has been injured and damaged by Geotag filing a complaint asserting the '474 patent, which is not infringed by TASER.

10.     Declaratory relief is both appropriate and necessary to establish that the '474 patent is not infringed by any products, systems, methods made, used, sold, or offered for sale by TASER, and thus cannot be asserted against TASER.

## Second Counterclaim
### (Declaration of the Invalidity of the '474 Patent)

11.     TASER incorporated and realleges Paragraphs 1-10 of these counterclaims.

12.     Geotag alleges that it is the owner of the '474 patent and has brought suit against TASER for infringement of the '474 patent.

13.     The '474 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq*., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 132.

14.     An actual case or controversy exists between TASER and Geotag based on Geotag filing a complaint against TASER alleging infringement of the '474 patent.

15.     TASER has been injured and damaged by Geotag filing a complaint asserting the '474 patent, which is invalid.

16.     Declaratory relief is both appropriate and necessary to establish that the '474 patent is invalid and thus cannot be asserted against TASER.

## Prayer for Relief

WHEREFORE, TASER prays for relief as follows:

1.       That Geotag's Amended Complaint be dismissed with prejudice and that Geotag recover nothing;

2.       That the Court enter judgment declaring the '474 patent not infringed by TASER or the products, systems, or methods made, sold, offered for sale or imported by TASER;

3.       That the Court enter judgment declaring the '474 patent invalid;

4.       That the Court order Geotag to pay TASER its costs and attorneys' fees; and

5.       That the Court grant such other relief as the Court deems just and proper under these circumstances.

## Demand for Jury Trial

TASER demands a trial by jury of all the claims and issues so triable.

Respectfully submitted,

*/s/Keith A. Robb with permission*
**DOUGLAS D. FLETCHER**
Attorney in Charge
Texas State Bar No. 07139500
email:  doug.fletcher@fletcherfarley.com
**KEITH R. ROBB**
Texas State Bar No. 24004889
email:  keith.robb@fletcherfarley.com
**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**
8750 N. Central Expressway
Dallas, Texas  75231, 16th Floor
214-987-9600
214-987-9866 (Facsimile)
**ATTORNEYS FOR DEFENDANT**
**TASER INTERNATIONAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served on all attorneys of record via ECF filing, in compliance with the Federal Rules of Civil Procedure, on this the 14th day of March, 2011.


*/s/Keith A. Robb*
**KEITH A. ROBB**