# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC. § | |
| § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 2:10-cv-574-DF |
| v. § | |
| § | JURY TRIAL DEMANDED |
| THE WESTERN UNION COMPANY., § | |
| *et al.* § | |
| § | |
| Defendants. § | |

## ANSWER, DEFENSES AND COUNTERCLAIMS OF DEFENDANTS
## THE WESTERN UNION COMPANY AND WESTERN UNION HOLDINGS, INC.

### A. ANSWER

Defendants The Western Union Company and Western Union Holdings, Inc. (collectively "Western Union"), through its undersigned attorneys, hereby respond to the allegations in Plaintiff's Amended Complaint (Dkt. No. 89) ("Complaint") as follows:

### PARTIES

1. Western Union lacks sufficient knowledge regarding the allegations in Paragraph 1 of the Complaint and on this basis denies them.

2. Western Union admits the allegations in Paragraphs 2 and 3 of the Complaint.

3. Western Union lacks sufficient knowledge regarding the allegations in Paragraphs 4-49 of the Complaint and on this basis denies them.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 50 constitute legal conclusions to which a response is not required.  However, with respect to Paragraph 50 of the Complaint, and in relation to the allegations related to Western Union, Western Union admits that Plaintiff purports to assert a claim arising under the patent laws of the United States, Title 35 of the Unites States Code and that this Court has subject matter jurisdiction.  Western Union further admits that it conducts business in this forum and that it operates interactive websites accessible in this forum.  Western Union denies all other allegations in Paragraph 50 directed to Western Union.  Western Union lacks sufficient knowledge regarding the allegations in Paragraph 50 of the Complaint that are directed to defendants other than Western Union and on this basis denies them.

5. The allegations in Paragraph 51 constitute legal conclusions to which a response is not required.  However, with respect to Paragraph 51 of the Complaint, and in relation to the allegations related to Western Union, Western Union admits that it conducts business in this forum and that it operates interactive websites accessible in this forum.  Western Union denies all other allegations in Paragraph 51 directed to Western Union.  Western Union lacks sufficient knowledge regarding the allegations in Paragraph 51 of the Complaint that are directed to defendants other than Western Union and on this basis denies them.

6. The allegations in Paragraph 52 constitute legal conclusions to which a response is not required.  However, with respect to Paragraph 52 of the Complaint, Western Union admits that this Court has previously construed some of the claim terms of the '474 Patent.  Western Union denies all other allegations in Paragraph 52.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,930,474

7. With respect to Paragraph 53 of the Complaint, Western Union admits that, on July 27, 1999, the U.S. Patent and Trademark office issued United States Patent No. 5,930,474 entitled "Internet Organizer for Accessing Geographically and Topically Based Information." Western Union denies all other allegations in Paragraph 53 of the Complaint.

8. Western Union lacks sufficient knowledge regarding the allegations in Paragraph 54 of the Complaint and on this basis denies them.

9. Western Union denies the allegations in Paragraph 55 of the Complaint because they state legal conclusions which depend, *inter alia*, on the construction of the terms of the claims of the '474 patent which the Court has not yet entered, as well as on expert testimony the disclosure of which is not yet required.

10. Western Union denies the allegations in Paragraph 56 of the Complaint insofar as they are directed to Western Union. Western Union lacks sufficient knowledge regarding the allegations in Paragraph 56 of the Complaint that are directed to defendants other than Western Union and on this basis denies them.

11. Western Union denies the allegations in Paragraph 57 of the Complaint.

12. Western Union lacks sufficient knowledge regarding the allegations in Paragraphs 58-94 of the Complaint and on this basis denies them.

13. The allegations in Paragraph 95 of the Complaint state legal conclusions to which no response is required. Western Union denies all allegations of fact, if any, in Paragraph 95 insofar as they are directed to Western Union.

14. Western Union denies the allegations in Paragraph 96 of the Complaint insofar as they are directed to Western Union. Western Union lacks sufficient knowledge regarding the allegations in Paragraph 96 of the Complaint that are directed to defendants other than Western Union and on this basis denies them.

## PRAYER FOR RELIEF

15. Western Union denies that Plaintiff is entitled to any relief in the Prayer to Relief insofar as that relief is sought from Western Union.

## B.  DEFENSES

Western Union incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. Western Union reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or be available in the future based on discovery and further factual investigation. Western Union alleges and asserts the following defenses in response to the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Western Union has not infringed and is not infringing any valid and enforceable claim of the '474 patent, either directly or indirectly, literally or under the doctrine of equivalents.

### THIRD DEFENSE

Each claim of the '474 patent is invalid for failing to satisfy one or more requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, prosecution history estoppel, and/or unclean hands.

### FIFTH DEFENSE

Plaintiff's claims for patent infringement are precluded, in whole or in part: (i) to the extent that any allegedly infringing products are supplied, directly or indirectly, to Western Union by an entity or entities that have express or implied licenses to the '474 patent and/or (ii) under the doctrine of patent exhaustion.

### SIXTH DEFENSE

Plaintiff is barred from recovering damages and other remedies, in whole or in part, by 35 U.S.C. §§ 286 and 287.  Plaintiff is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### SEVENTH DEFENSE

To the extent that certain products accused of infringing the '474 patent are used and/or manufactured by the U.S. Government, Plaintiff's claims are subject to the limitations under 35 U.S.C. § 1498.

**EIGHTH DEFENSE**

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate and/or irreparable, and Plaintiff has an adequate remedy at law.

**NINTH DEFENSE**

Plaintiff cannot prove that this is an exceptional case under 35 U.S.C. § 285 and, therefore, Plaintiff is not entitled to recover attorney's fees.

**C.   COUNTERCLAIMS**

Defendants and Counterclaim-Plaintiffs The Western Union Company and Western Union Holdings, Inc. (collectively "Western Union"), for their Counterclaims against Plaintiff and Counterclaim-Defendant Geotag, Inc. ("Geotag") allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The Western Union Company is a Delaware corporation with its principal place of business located at 12500 East Belford Avenue, Englewood, Colorado 80112.

2. Western Union Holdings, Inc. is a Georgia corporation with its principal place of business located at 12500 East Belford Avenue, Englewood, Colorado 80112.

3. Upon information and belief, Geotag, Inc. is a Delaware corporation with its principal place of business in Texas.

4. To the extent that this Court has subject matter jurisdiction over Geotag's claims against Western Union, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

5. This Court has personal jurisdiction over Geotag.

6. Provided that this Court finds that this District is the most convenient venue for Geotag's claims, this District is also a proper venue for these Counterclaims pursuant to under 28 U.S.C. §§ 1391 and 1400(b).

### FIRST COUNTERCLAIM – DECLARATION OF NON-INFINRGEMENT

7. Western Union incorporates by reference each of the allegations above as if fully set forth herein.

8. Geotag has accused Western Union of infringing, directly and indirectly, one or more claims of the '474 patent.

9. Western Union has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

10. An actual controversy exists between Western Union and Geotag with respect to the non-infringement of the '474 patent.

11. A judicial declaration is necessary and appropriate in order for Western Union to ascertain its rights in relation to the non-infringement of the '474 patent.

12. Western Union is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY

13. Western Union incorporates by reference each of the allegations above as if fully set forth herein.

14. In accusing Western Union of infringing the '474 patent, Geotag has taken the position that one or more claims of the '474 patent are valid.

15. None of the claims of the '474 patent is valid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

16. An actual controversy exists between Western Union and Geotag with respect to the validity of the '474 patent.

17. A judicial declaration is necessary and appropriate in order for Western Union to ascertain its rights in relation to the invalidity of the '474 patent.

18. Western Union is entitled to a declaratory judgment that none of the claims of the '474 patent is valid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**JURY DEMAND**

Western Union demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

Western Union respectfully requests that this Court enter judgment in Western Union's favor and grant the following relief:

a) an order and judgment declaring that Western Union does not infringe any valid and enforceable claim of the '474 patent;

b) an order and judgment declaring that the claims of the '474 patent are invalid;

c) an order and judgment that Geotag is not entitled to any relief arising from the Complaint against Western Union and dismissing each claim in the Complaint with prejudice;

d) an order and judgment declaring this an exceptional case and awarding Western Union its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e) any other relief that the Court may deem appropriate and just under the circumstances.

Respectfully submitted on March 14, 2011.

        s/Srecko Vidmar
        Srecko Vidmar
        HOGAN LOVELLS LLP
        One Tabor Center, Suite 1500
        1200 Seventeenth Street
        Denver, CO 80202
        (303) 899-7300 (phone)
        (303) 899-7333 (fax)
        lucky.vidmar@hoganlovells.com

        *Attorneys for Defendants The Western Union Company and Western Union Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2011, I electronically filed the foregoing **ANSWER, DEFENSES AND COUNTERCLAIMS OF THE WESTERN UNION COMPANY AND WESTERN UNIONS HOLDINGS, INC.** using the Court's ECF system which will electronically serve the same upon all counsel of record.

*s/Srecko Vidmar*
Srecko Vidmar