IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>THE WESTERN UNION COMPANY, ET AL. )<br>)<br>Defendants. ) | CIVIL ACTION NO.: 2:10-cv-574<br><br>JURY TRIAL DEMANDED |

## DEFENDANT SCOTTS' REPLY TO GEOTAG'S
## RESPONSE IN OPPOSITION TO ITS MOTION TO DISMISS

Geotag has filed two documents entitled "Plaintiff Geotag's Response in Opposition to Scotts' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." Geotag's second Response to Scotts' Motion is procedurally improper and should be stricken from the record. Geotag's belated attempt to provide additional substantive arguments in opposition to Scotts' Motion is not permitted by the Local Rules, and further fails to adequately oppose Scotts' Motion on the merits. For these reasons, Scotts' Motion should be granted, and Geotag's claims against Scotts should be dismissed.

**A. Background**

Geotag filed its Complaint on December 18, 2010. [DE # 1]. Geotag filed its Amended Complaint on March 4, 2011. [DE # 89]. The Amended Complaint reflected merely the dismissal of various defendants, and did not contain any new claims or allegations (against Scotts or otherwise). Scotts filed its Motion to Dismiss on March 8, 2011, seeking to dismiss Geotag's claims as to Scotts under Rule 12(b)(6). [DE # 98]. Scotts filed an Amended Motion

to Dismiss on March 24, 2011. [DE #183].[1] As made clear in its Amended Motion, Scotts sought merely to correct a clerical, non-substantive error where it referred to Geotag's Complaint rather than the Amended Complaint. Scotts' Amended Motion is substantively identical to its original Motion.

Geotag filed its Response in Opposition to Scotts' Motion to Dismiss on March 25, 2010. [DE # 192]. In it, Geotag argued that Scotts' Motion to Dismiss should be denied as moot. Scotts' filed its Reply to Geotag's Response on March 31, 2010. [DE # 209]. Geotag subsequently filed its second Response to Scotts' Motion on April 11, 2010 [DE # 241], and it is to that second Response that Scotts submits this Reply.

**B. Argument**

*1. Geotag's Second Response is Procedurally Improper*

Following Geotag's first Response in Opposition to Scotts' Motion to Dismiss, Scotts' Reply resoundingly demonstrated how Geotag's arguments failed and why Scotts' Motion must be granted. Undeterred and hoping for another bite at the apple, Geotag now submits *another* Response in Opposition to Scotts' Motion to Dismiss containing an entirely new set of opposition arguments. However, Geotag's second Response should be struck as procedurally improper.

As specified by the Local Rules, the "response and any briefing ***shall be contained in one document***." Local Rule CV-7(d) (emphasis added). Accordingly, Geotag is specifically limited by the Local Rules to *one* Response, and cannot persist in submitting multiple Responses in the hopes that one of its arguments will stick. When Geotag filed its first Response, it was aware of *all* of Scotts' Motion to Dismiss arguments, and it was aware that Scotts' had corrected

---

[1] Scotts styled this motion, which corrected a clerical error, as an Amended Motion to Dismiss pursuant to the instruction of an Eastern District of Texas Clerk of Court.

the clerical error in its initial Motion filing, as discussed above. Geotag has absolutely no basis for its attempt to supplement the record. For this reason, Geotag's second Response should be struck and the arguments contained therein should not be considered when the Court addresses Scotts' Motion.

### *2. Geotag's Second Response Fails On Its Merits*

Even aside from the procedural impropriety of Geotag's second Response, Geotag additionally fails in its second attempt to produce meritorious arguments in opposition to Scotts' Motion. Geotag largely hinges its present argument on the notion that a bald assertion of compliance with Form 18 is necessarily sufficient to give Geotag's sparse claims a pass at the dismissal stage. However, as made clear in *Realtime Data*, a case which Geotag attempts but fails to adequately distinguish, "[t]he Court examines the description of the accused systems or devices in context to determine whether the description is sufficient[.]" *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 539 (E.D. Tex. 2010). This is the case even if the plaintiff provides some specific product identification. *See id.* Accordingly, compliance with Fed. R. Civ. P. 8(a) requires more than a mere surface level checklist of Form 18 patent infringement claim elements. At the dismissal stage, the Court must examine the sufficiency of each element of the claim. It is not enough, for example, for Geotag to present *a* description of an accused system; rather, Geotag's description must be reviewed in context to determine whether or not it is sufficient.

Here, amongst other reasons, Geotag's claim falls short. Its simple statement regarding "systems and methods which comprise associating on-line information with geographic areas," as pointed out in Scotts' Motion and conveniently ignored in Geotag's Responses, generically describes any interactive on-line map functionality. Geotag wholly fails to distinguish what it is about Scotts' systems and methods which allegedly infringes Geotag's patent, as opposed to a

multitude of other on-line, interactive maps such as Google Maps, travel planning websites such as Tripadvisor, on-line atlases such as Atlapedia, an interactive fantasy map of Middle Earth, an on-line game of Risk, and countless others.

While Geotag may claim that the *Realtime Data* dismissal was largely based on the plaintiff's assertion of claims based on four patents, the simple fact is that the Court specifically found the plaintiff's similarly vague identification of "data compression products and/or services" to fall short. *Id.* at 543 ("While Realtime accuses Defendants' 'data compression products and/or services,' the Court finds this to be a vague identification and without further context is unclear as to what 'data compression products and/or services' refers."). Particularly when combined with the other problems with Geotag's claims (as outlined in Scotts' Motion), including failing to identify which of the thirty-nine patent claims Scotts is accused of infringing, Geotag's claims are impermissibly vague, and *Realtime Data* requires dismissal.

### C. Conclusion

Geotag ironically begins its second Response in Opposition to Scotts' Motion to Dismiss by accusing Scotts' Motion of wasting the resources of the Court and the parties. As detailed above and in Scotts' Motion, the vagaries of Geotag's claims require dismissal. Geotag has undeniably wasted the resources of the Court and the parties by filing a second, supplemental Response for which Geotag did not seek the leave of Court to file. Procedurally, Geotag's second Response should be struck. Furthermore, for the reasons outlined herein, in Scotts' Reply to Geotag's first Response, and in Scotts' Motion to Dismiss, Geotag's claims against Scotts should be dismissed.

| | |
|---|---|
| DATED:  April 21, 2011 | Respectfully submitted,<br><br>/s/ Brian M. Buroker<br>Brian M. Buroker<br>HUNTON & WILLIAMS LLP<br>1900 K Street, N.W., Suite 1200<br>Washington, D.C.  20006<br>(202) 955-1500<br>bburoker@hunton.com<br><br>ATTORNEY FOR DEFENDANT<br>*THE SCOTTS COMPANY LLC* |

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 21st day of April, 2011, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                  /s/ Brian M. Buroker  
                                                  Brian M. Buroker