IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-CV-574 |
| | § | |
| THE WESTERN UNION CO., et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Defendant The Scotts Company LLC's ("Scotts'") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 98. Also before the Court are Plaintiff's response, Scotts' reply, and Plaintiff's sur-reply. Dkt. No. 192, 209 & 240. Further before the Court is Scotts' Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), as well as Plaintiff's response, Scotts' reply, and Plaintiff's sur-reply. Dkt. Nos. 183, 241, 260 & 277.

Before the Court is Defendant Brookshire Brothers, Ltd.'s ("BB's") Motion to Dismiss for Failure to State a Claim. Dkt. No. 104. Also before the Court are Plaintiff's response, BB's reply, and Plaintiff's sur-reply. Dkt. Nos. 199, 213, & 242.

Before the Court is Defendants Jim's Formal Wear Company's ("JFW's") and Swan Corporation's ("Swan's") Joint Motion to Dismiss Geotag's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 160. Also before the Court are Plaintiff's response, JFW's and Swan's reply, and Plaintiff's sur-reply. Dkt. Nos. 223, 256 & 274.

Before the Court is Defendant OfficeMax North America, Inc.'s ("OfficeMax's") Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim. Dkt. No. 168. Also

before the Court are Plaintiff's response, OfficeMax's reply, and Plaintiff's sur-reply. Dkt. Nos. 224, 253 & 272.

Before the Court is Defendant HEB Grocery Company, LP's ("HEB's") Motion to Dismiss Willfulness Pleading. Dkt. No. 212. Also before the Court are Plaintiff's response, HEB's reply, and Plaintiff's sur-reply. Dkt. Nos. 249, 268 & 278.

Having considered the briefing and all relevant papers and pleadings, the Court rules on the above-mentioned motions as set forth herein.

## I. DISCUSSION

### A. Scotts

Scotts' Amended Motion sets forth the same grounds as its original Motion. *See* Dkt. No. 183 at 1 n.1. The Court denies the original motion as moot and considers the Amended Motion.

Scotts argues that Plaintiff's Amended Complaint fails to meet the pleading standard set forth by the Supreme Court of the United States in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). Dkt. No. 183 at 2. Scotts submits that the complaint fails to specify infringing actions, "fails to describe in any way '*how*' Scotts allegedly infringes," fails to specify any claims of the patent-in-suit, and "leaves the door open to subsequent accusation of additional Scotts products." *Id.* at 4; *see also* Dkt. No. 260.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not

2

suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. "[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992) (citation omitted).

> Plaintiff alleges as follows regarding Scotts:
>
> 90. On information and belief, SCOTTS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Retail Locator at www.scotts.com.

Dkt. No. 89 at ¶ 90. Unlike *Realtime Data LLC v. Morgan Stanley*, cited by Scotts, the Complaint here asserts only one patent and adequately identifies a particular accused instrumentality, namely the "Retail Locator at www.scotts.com." 721 F. Supp. 2d 538 (E.D. Tex. 2010); *see Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (noting that complaint "identif[ied] the accused instrumentality as [defendant's] website" and finding that "[g]iven the nature of the patents, this is a sufficient identification"). On balance, Plaintiff's complaint satisfies the pleading standards of *Twombly*, *Iqbal*, and Form 18 of the Federal Rules of Civil Procedure. Scotts' demand for greater specificity and more detailed notice of Plaintiff's infringement theories is addressed by the

Court's Local Patent Rules, such as the Patent Rule 3-1 requirement for disclosure of asserted claims and infringement contentions. *See Tune Hunter, Inc. v. Samsung Telecomm. Am., LLC*, No. 2:09-cv-148, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) ("Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend."). In sum, Scotts has not shown that the complaint fails to state a claim for infringement.

Scotts Amended Motion to Dismiss should therefore be DENIED.

**B. Brookshire Brothers**

BB moves to dismiss Plaintiff's claims for inducement and contributory infringement, which BB argues Plaintiff fails to plead with specificity and fails to support with any allegations of knowledge, intent, identification of a direct infringer, or the absence of substantial non-infringing uses. Dkt. No. 104 at 1-2. BB also argues that "since the claims of the patent-in-suit require more than one entity to infringe them, Plaintiff should plead joint infringement." *Id.* at 3. In the alternative, BB moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *Id.* at 2.

Plaintiff responds that because it "has made no allegations of indirect infringement," BB's "motion is moot and should be denied." Dkt. No. 199 at 1. Plaintiff nonetheless "certainly reserves the right to [assert indirect infringement] in the future if the facts of this case warrant such claims." *Id.* at 2.

In reply, BB withdraws its motion to dismiss but continues to assert its alternative motion for a more definite statement. Dkt. No. 213.

In sur-reply, Plaintiff argues that BB's motion for a more definite statement was only

brought as to indirect infringement, not direct infringement. Dkt. No. 242 at 1. Plaintiff concludes that BB's motion is improper. *Id.* As to the merits, Plaintiff submits arguments similar to those presented in opposition to Scotts' motion, discussed in Section I.A., above.

First, BB's motion should be DENIED AS MOOT as to indirect infringement. Second, Plaintiff has adequately pleaded direct infringement, as discussed regarding Scotts in Section I.A., above. To whatever extent BB's motion for a more definite statement is procedurally proper as to Plaintiff's claims of direct infringement, BB's motion should be DENIED.

### C. Jim's Formal Wear and Swan Corporation

JFW and Swan set forth the same arguments as Scotts, discussed in Section I.A., above. For the same reasons that the Court denies Scotts' motion, the Court also DENIES the motion filed by JFW and Swan. JFW's and Swan's alternative request for a more definite statement is also DENIED.

### D. OfficeMax

OfficeMax sets forth the same arguments as BB, discussed in Section I.B., above. For the same reasons that the Court denies BB's motion, the Court also DENIES OfficeMax's motion. OfficeMax's alternative request for a more definite statement is also DENIED.

### E. HEB

HEB moves to strike Plaintiff's "fact-less willfulness reservation" and Plaintiff's request for an exceptional case award. Dkt. No. 212 at 1. HEB argues that Plaintiff "attempts to trump the Court's rules for amending pleadings by including a placeholder for a willfulness count." *Id.* at 4. HEB urges that "allowing [Plaintiff] to enter discovery on willfulness without articulating a minimal amount of facts effectively grants [Plaintiff] a license to use discovery as a fishing

expedition to locate facts that should have formed the grounds for the willfulness count when [Plaintiff] pled it." *Id.* at 5.

Plaintiff responds that HEB's motion is moot because "it is undisputed that [Plaintiff] has made no allegations of willful infringement." Dkt. No. 249 at 1. Plaintiff submits that it has only including a prayer for an exceptional case finding, which may be based on HEB's conduct during the course of litigation. *Id.* Plaintiff further submits its reference to willfulness "serves simply to put HEB on notice that willfulness may be an issue in the case and that if the facts ultimately support a willfulness claim, [Plaintiff] intends to amend its complaint to assert such claims." *Id.* at 2.

HEB replies that Plaintiff cannot "put HEB on notice" without some factual allegations and that "without a willfulness allegation, [Plaintiff's] complaint contains no basis for requesting an exceptional case finding." Dkt. No. 268 at 1.

In sur-reply, Plaintiff reiterates that its pleading merely states an intent to amend to add willfulness if appropriate in the future. Dkt. No. 278 at 1. Plaintiff also again submits that an exceptional case finding can be based on "litigation misconduct and bad faith litigation." *Id.*

Plaintiff alleges as follows:

> 95. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

Dkt. No. 89 at ¶ 95. *Realtime Data* found that a similar allegation failed to state a claim:

> The Realtime willfulness claim in the Amended Complaint reads: "To the extent that facts learned in discovery show that Defendants' infringement of the Patents–in–Suit is or has been willful, Plaintiff Realtime Data reserves the right to request such a finding." AM. COMPLAINT at 14, ¶ 54. The Court finds this statement to lack a factual basis indicating that Realtime is entitled to relief, and

    the willfulness allegations further fall short of the "good faith" evidentiary basis required by Rule 11(b). *See* FED. R. CIV. P. 8(a) & 11(b). *Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway.

*Realtime Data*, 721 F. Supp. 2d at 545.

    The Court hereby expressly relies on Plaintiff's representations that it is not currently alleging willfulness. If at some time Plaintiff desires to allege willfulness, Plaintiff can seek to amend its pleading in accordance with the Court's rules and any applicable scheduling order. HEB's motion should therefore be DENIED AS MOOT as to willfulness.

    As to Plaintiff's Prayer for Relief, Plaintiff seeks: "5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to GEOTAG its reasonable attorneys' fees . . . ." Dkt. No. 89 at p. 21. Because willfulness is only one of many factors that may support an exceptional case finding, HEB's motion should be DENIED as to Plaintiff's request for an exceptional case finding.

## II.  CONCLUSION

    Defendant The Scotts Company LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 98) is hereby **DENIED AS MOOT**.

    Defendant The Scotts Company LLC's Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 183) is hereby **DENIED**.

    Defendant Brookshire Brothers, Ltd.'s Motion to Dismiss for Failure to State a Claim (Dkt. No. 104) is hereby **DENIED**.

    Defendants Jim's Formal Wear Company's and Swan Corporation's Joint Motion to Dismiss Geotag's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 160) is

hereby **DENIED**.

Defendant OfficeMax North America, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Dkt. No. 168) is hereby **DENIED**.

Defendant HEB Grocery Company, LP's Motion to Dismiss Willfulness Pleading (Dkt. No. 212) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 14th day of December, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE